COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-131-CV
  
  
MIKE 
BELLO D/B/A NUCLEUS SERVICE                                    APPELLANT
STATION
  
V.
  
STATE 
OF TEXAS AND THE DIRECTOR                                    APPELLEES
DEPARTMENT 
OF PUBLIC SAFETY
  
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        The 
State of Texas and the Director Department of Public Safety (collectively “T.D.P.S.”) 
have moved to dismiss this appeal as moot. We grant the motion and dismiss the 
appeal.
        Appellant 
Mike Bello d/b/a Nucleus Service Station’s (“the Station”) vehicle 
inspection license was suspended for violation of chapter 548 of the Texas 
Transportation Code. The Station appealed the suspension in the 342nd 
District Court of Tarrant County, and T.D.P.S. filed a plea to the jurisdiction, 
contending that jurisdiction for such suits lies exclusively in Travis County. See 
Tex. Transp. Code Ann. § 548.408(a) (Vernon Supp. 2004); Tex. Gov’t Code Ann. § 2001.176(b)(2) (Vernon 2000). The 
trial court granted T.D.P.S.’s plea and dismissed the cause. This appeal 
followed.
        A 
justiciable controversy must exist between the parties at every stage of the 
legal proceedings, including the appeal. Williams v. Lara, 52 S.W.3d 171, 
184 (Tex. 2001). Accordingly, if a controversy ceases to exist—"the 
issues presented are no longer 'live' or the parties lack a legally cognizable 
interest in the outcome"—the case becomes moot. Id. (quoting Murphy 
v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982)). If a case becomes 
moot, the parties lose their standing to maintain their claims. Id.
        On 
December 11, 2003, during the pendency of this appeal, the Station’s six-month 
suspension expired. Thereafter, the Station became eligible to apply for 
reinstatement of its certification as an inspection station.[2]  
Therefore, there is no live case or controversy between the parties. 
Accordingly, we grant T.D.P.S.’s motion and dismiss the appeal as moot.
  
                                                          PER 
CURIAM
  
  
PANEL 
F:   WALKER, J.; CAYCE, C.J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment).
 
DELIVERED: 
JANUARY 29, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
An inspection station certificate is only valid for a period of two years. See 
Tex. Transp. Code Ann. § 548.507 (Vernon 1999).